UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DONNA SALVATORE,
Plaintiff

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,
Defendant

05 352S

C.A. No. ___________

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

PLEASE TAKE NOTICE that the Defendant Liberty Life Assurance Company of Boston ("Liberty Life") hereby serves notice of removal of the above-entitled action to this Court and makes the following showing in support of such removal:

**PLEADINGS AND PROCEEDINGS TO DATE**

1. On or about July 9, 2005, an action was commenced in Kent County Superior Court of the State of Rhode Island, entitled Donna Salvatore v. Liberty Life Assurance Company of Boston, Civil Action No. KC-05-622, by the filing of a Summons and Verified Complaint, copies of which are attached hereto as Exhibit A.

2. The first date upon which the Defendant received a copy of said Verified Complaint was July 20, 2005. The parties filed a Stipulation to extend the deadline for Defendant to answer, move, or otherwise respond to Plaintiff's Verified Complaint. The foregoing Summons, Verified Complaint, a Stipulation and an entry of appearance of

Anthony J. DiOrio constitute all the process, pleadings, and orders received by the Defendant to date. No further proceedings have occurred in the state action.

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves questions involving the laws of the United States. Specifically, this action involves a claim of alleged denial, or refusal to pay, benefits under the alleged terms of a long-term disability plan that is an employee welfare benefit plan, and therefore an employee benefit plan, regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Sections 3(1), 3(3), 4(a) and 502(a)(1)(B), 29 U.S.C. §§ 1002(1), 1002(3), 1003(a), and 1132(a)(1)(B).

4. This Court also has original jurisdiction of this action pursuant to 28 U.S.C. §1332, as there is diversity of jurisdiction among the parties.

**ERISA/FEDERAL QUESTION REMOVAL**

5. This Court has original jurisdiction under the provisions of Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and 29 U.S.C. § 1441(b), in that Plaintiff here claims entitlement to benefits under a welfare plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), that is regulated by ERISA. Civil enforcement rights under welfare plans are governed by ERISA, and with inapplicable exception, the provisions of ERISA completely supersede and preempt any and all state laws to the extent that they relate to plans regulated by ERISA. Section 514(a) of ERISA, 29 U.S.C. § 1144(a); Ingersoll-Rand Co. V. McClendon, 498 U.S. 133 (1990) and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

6. Because the United States District Courts have original jurisdiction over, and federal law controls, actions brought to redress alleged denials of benefits and alleged acts unlawfully interfering with the attainment of benefits under welfare plans, Section

502(a), (e) of ERISA, 29 U.S.C. § 1132(a), (e), removal of this case to this Court under the circumstances herein is proper. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

## DIVERSITY JURISDICTION REMOVAL

7. This Court also has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, the Plaintiff and Defendant being citizens of different states. In paragraph 1 of Plaintiff's Verified Complaint, she states that she is a resident of Warwick, Rhode Island. Defendant is a corporation, which is incorporated in Massachusetts, with a principal place of business in Boston, Massachusetts. Further, the sum in controversy appears to exceed the $75,000.00 jurisdictional prerequisite.

8. Defendant is providing notice to the Kent County Superior Court and Plaintiff of this Notice of Removal in the form attached hereto as Exhibit B.

WHEREFORE, Defendant prays that the above action pending against it in Kent County Superior Court, State of Rhode Island, C.A. No. KC-05-622, be removed therefrom to this Court.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON
By Its Attorneys,

Anthony J. DiOrio

Anthony J. DiOrio (R.I. Bar No. 3419)
JACKSON LEWIS, LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

Dated: August 17, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Notice of Removal has been served this 17th day of August, 2005 by mailing an exact copy of the same, via first-class mail, postage prepaid, to:

Thomas R. Ricci, Esquire
Michael S. Pezzullo, Esquire
376 Broadway
Providence, RI 02909

Anthony J. DiOrio
JACKSON LEWIS LLP