# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [x] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. KC-05-672

DONNA SALVATORE
Plaintiff

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, ALIAS
Defendant

**Summons**

*To the above-named Defendant:* LIBERTY LIFE ASSUARNCE COMPANY OF BOSTON, ALIAS, by and through its Registered Agent, A. Michael Marques, Director of the RI Department of Business Regulation, 233 Richmond St., Suite 233, Providence RI

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Thomas R. Ricci, Esq. Plaintiff's attorney, whose address is 376 Broadway Providence RI 02909 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Jane M. Anthony
CLERK

7/20/05 A true copy attest Barbara Moore RI Constable #6011

Dated: July 8, 2005

(Seal of the Superior Court)

S-135 (REV 10/00)

STATE OF RHODE ISLAND
KENT COUNTY SUPERIOR COURT

DONNA SALVATORE

VS KC-05-622

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, ALIAS

**VERIFIED COMPLAINT**

The Plaintiff for cause alleges as follows:

PARTIES AND JURISDICTION

1. The Plaintiff, is, and at all times relevant to this cause of action was, a resident of the City of Warwick, County of Kent, State of Rhode Island.

2. Upon information and belief, the Defendant is, and at all times relevant to this cause of action was, an insurance company doing business in the State of Rhode Island with its principal place of business located at 100 Liberty Way, Dover, New Hampshire, 03820.

3. This Court has subject matter jurisdiction in this matter pursuant to RIGL § 8-2-14.

4. This Court is the proper venue for this action.

STATEMENT OF FACTS

5. In consideration for the premium paid by the Plaintiff to the Defendant, the Defendant executed and delivered to the Plaintiff its policy insuring the Plaintiff for loss from disability at the periodic rate specified therein.

6. On or about November 6, 1998, the Plaintiff became disabled, underwent treatment for same, and has since been disabled within the meaning of the Defendant's policy.

7. The Plaintiff filed notice and proof of disability with the Defendant.

8. Since November 6, 1998, as a result of her injuries, the Plaintiff has been continuously disabled, under professional care and treatment and has suffered losses and damages thereby within the terms and conditions of the policy.

9. From May 8, 1999 to January 31, 2003, the Defendant paid the Plaintiff benefits lawfully due and owing the Plaintiff pursuant to the terms and conditions of the policy.

10. The Plaintiff has been determined by the Social Security Administration, to be totally disabled from performing any work as of November 6, 1998, in accordance with applicable law and regulations promulgated pursuant to same.

11. The Plaintiff has performed all the conditions required of her pursuant to the terms and conditions of the aforementioned policy.

12. Despite repeated demands by the Plaintiff, the Defendant has refused and continues to refuse to pay the Plaintiff the benefits lawfully due under said policy since January 31, 2003.

COUNT ONE
(Negligence)

13. The Plaintiff re-alleges and incorporates paragraphs 1 through 12 of this Complaint, contained inclusive, as if fully set forth herein.

14. The Defendant has failed and neglected, and continues to fail and neglect, to pay the Plaintiff the benefits lawfully due and owing the Plaintiff under the policy since January 31, 2003.

15. The Plaintiff is entitled to receive monthly benefits pursuant to the terms and conditions of the policy for the time period in which the Plaintiff remains disabled.

16. Monies lawfully due and owing the Plaintiff continue to accrue under the policy,

and will continue to accrue during the pendency of this action.

17. As a direct an proximate result of the Defendant's acts and/or omissions, the Plaintiff has suffered, and will continue to suffer, damages including, but not limited to, the benefits lawfully due and owing under said policy plus reasonable attorney's fees, interest and costs to prosecute this action.

WHEREFORE, the Plaintiff demands a Judgment against the Defendant in an amount sufficient to invoke the jurisdiction of this Court, including, but not limited to, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any other relief which this Court deems appropriate.

COUNT TWO
(Breach of Contract)

18. The Plaintiff re-alleges and incorporates paragraphs 1 through 17 of this Complaint, contained inclusive, as if fully set forth herein.

19. On or about February 6, 2003, the Defendant, in breach and violation of the terms and conditions of the policy refused, and continues to refuse to pay the Plaintiff the benefits lawfully due and owing the Plaintiff under the policy, since January 31, 2003.

20. As a result of the Defendant's breach of contract, the Plaintiff has suffered, and will continue to suffer, damages including, but not limited to, the benefits lawfully due under said policy plus reasonable attorney's fees, interest and costs to prosecute this action.

WHEREFORE, the Plaintiff demands a Judgment against the Defendant in an amount sufficient to invoke the jurisdiction of this Court, including, but not limited to, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any other relief which this Court deems appropriate.

COUNT THREE
(Bad Faith and Wrongful Denial of Coverage)

21. The Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this

Complaint, contained inclusive, as if fully set forth herein.

22. The Plaintiff brings this cause of action pursuant to RIGL § 9-1-33.

23. On or about February 6, 2003, the Defendant, wrongfully, in bad faith, in violation of the terms and conditions of the policy and in violation of RIGL § 9-1-33, refused, and continues to refuse to pay the Plaintiff the benefits lawfully due and owing the Plaintiff under the policy, since January 31, 2003.

24. As a result of the Defendant's conduct, the Plaintiff has suffered, and will continue to suffer, damages including, but not limited to, the benefits lawfully due under said policy plus reasonable attorney's fees, interest and costs to prosecute this action.

WHEREFORE, the Plaintiff demands a Judgment against the Defendant in an amount sufficient to invoke the jurisdiction of this Court, including, but not limited to, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any other relief which this Court deems appropriate.

COUNT FOUR
(Punitive Damages)

25. The Plaintiff re-alleges and incorporates paragraphs 1 through 24 of this Complaint, contained inclusive, as if fully set forth herein.

26. In accordance with RIGL § 9-1-33, the Plaintiff is entitled to an award of punitive damages against the Defendant, and hereby makes a claim for same.

WHEREFORE, the Plaintiff demands a Judgment against the Defendant in an amount sufficient to invoke the jurisdiction of this Court, including, but not limited to, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any other relief which this Court deems appropriate.

COUNT FIVE
(Declaratory Judgment)

27. The Plaintiff re-alleges and incorporates paragraphs 1 through 26 of this Complaint, contained inclusive, as if fully set forth herein.

28. The Plaintiff is claiming that she is entitled to any and all benefits lawfully due and owing under said policy and withheld by the Defendant, since January 31, 2003.

29. Upon information and belief, the Defendant is claiming that it has lawfully denied the Plaintiff the benefits due and owing under said policy, since January 31, 2003.

30. The aforementioned policy was in full force and effect at the time of the Plaintiff's disability on November 6, 1998.

31. An actual controversy exists between the Plaintiff and the Defendant as to their respective rights, responsibilities, duties and/or obligations concerning the benefits lawfully due and owing the Plaintiff under said policy.

WHEREFORE, the Plaintiff requests a Judgment declaring:

(a) the respective rights, responsibilities, duties and/or obligations of the Plaintiff and the Defendant under the terms and conditions of the aforementioned policy;

(b) that the Plaintiff is entitled to the full amount of any and all benefits to which she is lawfully entitled pursuant to said policy; and,

(c) that the Defendant unlawfully, and in bad faith, denied the Plaintiff, the benefits lawfully due and owing under said policy.

COUNT SIX
(Attorney's Fees)

32. The Plaintiff re-alleges and incorporates paragraphs 1 through 31 of this Complaint, contained inclusive, as if fully set forth herein.

33. In accordance with RIGL § 9-1-45, the Plaintiff is entitled to a statutory award of Attorney's Fees.

WHEREFORE, the Plaintiff demands a Judgment against the Defendant in an amount sufficient to invoke the jurisdiction of this Court, including, but not limited to, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any other relief which this Court deems appropriate.

The Plaintiff hereby demands a trial by jury.

VERIFICATION

I, DONNA SALVATORE, state that I am the Plaintiff in the above-captioned action and hereby acknowledge that I have read the foregoing Verified Complaint. Based upon my personal knowledge, the allegations set forth herein are true, except those allegations made upon information and belief, which allegations I believe to be true.

Donna Salvatore
DONNA SALVATORE

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 7th day of July, 2005.

MICHAEL S. PEZZULLO
Notary Public (40065)
State of Rhode Island
My Commission Expires 10/16/2008

Notary Public
Print Name: ____________
My Commission expires: ________

Plaintiff,
by her Attorneys,

Thomas R. Ricci (4165)
376 Broadway
Providence, RI 02909
Tel: 401-521-8400

Michael S. Pezzullo (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

**STATE OF RHODE ISLAND**

**KENT COUNTY, SC.**

**SUPERIOR COURT**
**Civil Action No. KC-05-622**

**DONNA SALVATORE,**
**Plaintiff**

**v.**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**
**Defendant**

**ENTRY OF APPEARANCE**

Please take notice that the undersigned hereby enters his appearance on behalf of Defendant, Liberty Life Assurance Company of Boston.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

By Its Attorneys,

Anthony J. DiOrio (RWP)

Anthony J. DiOrio (R.I. Bar No. 3419)
JACKSON LEWIS, LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

Dated: August 8, 2005

**STATE OF RHODE ISLAND**

**KENT COUNTY, SC.** **SUPERIOR COURT**

| | |
|---|---|
| **DONNA SALVATORE,** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **LIBERTY LIFE ASSURANCE** | ) |
| **COMPANY OF BOSTON,** | ) |
| **Defendant** | ) |
| | ) |

IT IS HEREBY STIPULATED AND AGREED, by and between Counsel for Plaintiff and Counsel for Defendant that:

1. Defendant Liberty Life Assurance Company of Boston's time to Answer, move, or otherwise respond to Plaintiff's Complaint shall be enlarged to and including September 9, 2005.

Dated: August 4th, 2005

Thomas R. Ricci (4165)
Michael S. Pezzullo (5489)
376 Broadway
Providence, RI 02909
(401) 521-8400
COUNSEL FOR PLAINTIFF

Dated: August 8th, 2005

Anthony J. DiOrio (RWP)

Anthony J. DiOrio (#3419)
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
(401) 490-3444
COUNSEL FOR DEFENDANT

**STATE OF RHODE ISLAND**

**KENT COUNTY, SC.** **SUPERIOR COURT**
**Civil Action No. KC-05-622**

| | |
|---|---|
| **DONNA SALVATORE,** **Plaintiff** | ) |
| **v.** | ) |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** **Defendant** | ) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Entry of Appearance has been served this 8th day of August, 2005 by mailing an exact copy of the same, via first class mail, postage prepaid, to:

Thomas R. Ricci, Esquire
Michael S. Pezzullo, Esquire
376 Broadway
Providence, RI 02909

Anthony J. DiOrio (RWP)
Anthony J. DiOrio
JACKSON LEWIS LLP