ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DONNA SALVATORE,<br>Plaintiff<br><br>v.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>Defendant | ) | C.A. No. 05-352S |

**ANSWER OF DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), hereby answers the allegations contained in Plaintiff's Verified Complaint as follows:

**PARTIES AND JURISDICTION**

1. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Liberty Life denies the allegations in paragraph 2, except admits so much of this paragraph as alleges that is an insurance company doing business in the State of Rhode Island.

3. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

4. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

**STATEMENT OF FACTS**

5. Liberty Life denies the allegations in this paragraph, except states that Plaintiff paid a premium for coverage under a long-term disability policy issued by Liberty Life to her employer, Fleet Financial Group.

6. Liberty Life denies the allegations in this paragraph, except states that Plaintiff's medical records and the Administrative Record of which they are a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of the documents in that record.

7. Liberty Life denies the allegations in this paragraph, except states that the documents submitted by Plaintiff in support of her claim and the Administrative Record of which they are a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

8. Liberty Life denies the allegations in paragraph 8.

9. Liberty Life admits so much of this paragraph as alleges that Liberty Life paid long-term disability benefits to Plaintiff from May 8, 1999 to January 31, 2003. Liberty Life denies the remaining allegations in this paragraph.

10. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. In further responding, Liberty Life states that documents relating to the decision of the Social Security Administration and the Administrative Record of which they are a part speak for themselves. Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

11. Liberty Life denies the allegations in paragraph 11.

12. Liberty Life denies the allegations in paragraph 12, except admits so much of this paragraph as alleges that Liberty Life has not paid long-term disability benefits to Plaintiff beyond January 31, 2003.

**COUNT ONE (NEGLIGENCE)**

13. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 12 of Plaintiff's Verified Complaint.

14. Liberty Life denies the allegations in paragraph 14.

15. Liberty Life denies the allegations in paragraph 15.

16. Liberty Life denies the allegations in paragraph 16.

17. Liberty Life denies the allegations in paragraph 17.

**COUNT TWO (BREACH OF CONTRACT)**

18. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 17 of Plaintiff's Verified Complaint.

19. Liberty Life denies the allegations in paragraph 19.

20. Liberty Life denies the allegations in paragraph 20.

**COUNT THREE (BAD FAITH AND WRONGFUL DENIAL OF COVERAGE)**

21. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 20 of Plaintiff's Verified Complaint.

22. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

23. Liberty Life denies the allegations in paragraph 23.

24. Liberty Life denies the allegations in paragraph 24.

**COUNT FOUR (PUNITIVE DAMAGES)**

25. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 24 of Plaintiff's Verified Complaint.

26. Liberty Life denies the allegations in paragraph 26.

## COUNT FIVE (DECLARATORY JUDGMENT)

27. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 26 of Plaintiff's Verified Complaint.

28. Liberty Life denies the allegations in paragraph 28.

29. Liberty Life denies the allegations in paragraph 29.

30. Liberty Life admits the allegations in paragraph 30.

31. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

## COUNT SIX (ATTORNEYS' FEES)

32. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 31 of Plaintiff's Verified Complaint.

33. Liberty Life denies the allegations in paragraph 33.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages on the claims asserted.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

**FOURTH AFFIRMATIVE DEFENSE**

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

**SIXTH AFFIRMATIVE DEFENSE**

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

**ELEVENTH AFFIRMATIVE DEFENSE**

One or more of Plaintiff's claims are pre-empted by the Employee Retirement and

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a trial by jury on the claims asserted in her Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's contract claim is barred for a lack of consideration.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff alleges the existence of a contract, Plaintiff's claims fail due to the Plaintiff's breach of that contract.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or by time periods set forth in the relevant plan.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Liberty Life reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment entered on its behalf on all counts;

3. It be awarded its costs and attorney's fees; and

4. The Court award such other relief as may be just and proper.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON
By Its Attorneys,

Anthony J. DiOrio (R.I. Bar No. 3419)
JACKSON LEWIS, LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

Guy P. Tully
(Moving for Admission *Pro Hac Vice*)
Richard W. Paterniti
(Moving for Admission *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: August 23, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Answer of Defendant Liberty Life Assurance Company of Boston to Plaintiff's Verified Complaint has been served this 23 day of August, 2005 by mailing an exact copy of the same, via overnight mail, to:

Thomas R. Ricci, Esquire
Michael S. Pezzullo, Esquire
376 Broadway
Providence, RI 02909

Anthony J. DiOrio