UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DONNA SALVATORE

VS CA-05-352-S

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**FIRST AMENDED VERIFIED COMPLAINT**

This is an action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 USC § 1001 et seq (hereinafter referred to as, "ERISA"). For cause the Plaintiff alleges as follows:

PARTIES AND JURISDICTION

1. The Plaintiff, is, and at all times relevant to this cause of action was, a resident of the City of Warwick, County of Kent, State of Rhode Island.

2. Upon information and belief, the Defendant is, and at all times relevant to this cause of action was, an insurance company doing business in the State of Rhode Island, with its principal place of business located at 100 Liberty Way, Dover, New Hampshire, 03820.

3. This Court has subject matter jurisdiction in this matter pursuant to 29 USC § 1132(e).

4. This Court is the proper venue for this action.

STATEMENT OF FACTS

5. In consideration for the premium paid by the Plaintiff to the Defendant, the Defendant executed and delivered to the Plaintiff its plan insuring the Plaintiff for loss from disability at the periodic rate specified therein.

6. The Defendant's plan is an "employee welfare benefit plan" and/or "employee

benefit plan", as defined by 29 USC § 1002(1)(3) (hereinafter referred to as the "plan").

7. The Plaintiff is a "beneficiary" under the Defendant's plan as defined by 29 USC § 1002(8).

8. On or about November 6, 1998, the Plaintiff became disabled, underwent treatment for same, and has since been disabled within the meaning of the Defendant's plan.

9. The Plaintiff filed notice and proof of disability with the Defendant.

10. Since November 6, 1998, as a result of her injuries, the Plaintiff has been continuously disabled, under professional care and treatment and has suffered losses and damages thereby within the terms and provisions of the plan.

11. From May 8, 1999 to January 31, 2003, the Defendant paid the Plaintiff benefits lawfully due and owing the Plaintiff pursuant to the terms and provisions of the plan.

12. The Plaintiff has been determined by the Social Security Administration, to be totally disabled from performing any work as of November 6, 1998, in accordance with applicable law and regulations promulgated pursuant to same.

13. The Plaintiff has performed all the conditions required of her pursuant to the terms and provisions of the aforementioned plan and has exhausted all administrative remedies.

14. Despite repeated demands by the Plaintiff, the Defendant has refused, and continues to refuse, to pay the Plaintiff the benefits lawfully due and owing under said plan since January 31, 2003.

COUNT ONE
(Recovery of Benefits)

15. The Plaintiff re-alleges and incorporates paragraphs 1 through 14 of this Complaint, contained inclusive, as if fully set forth herein.

16. The Plaintiff brings this cause of action pursuant to 29 USC § 1132(a)(1)(B).

17. On or about February 6, 2003, and continuing through to the present time, the Defendant has refused, and continues to refuse, to pay the Plaintiff the benefits lawfully due and owing the Plaintiff under the Defendant's plan since January 31, 2003.

18. The Plaintiff is entitled to receive monthly benefits pursuant to the terms and provisions of the plan for the time period in which the Plaintiff is disabled.

19. Monies lawfully due and owing the Plaintiff continue to accrue under the plan, and will continue to accrue during the pendency of this action.

20. As a result of the Defendant's conduct, the Plaintiff has suffered, and will continue to suffer, damages including, but not limited to, the benefits lawfully due under said plan, plus reasonable attorney's fees, interest from January 31, 2003, and costs to prosecute this action.

WHEREFORE, the Plaintiff demands a Judgment against the Defendant in an amount sufficient to invoke the jurisdiction of this Court, plus interest from January 31, 2003, costs, reasonable attorney's fees and any other relief which this Court deems appropriate.

COUNT TWO
(Declaratory Relief)

21. The Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint, contained inclusive, as if fully set forth herein.

22. The Plaintiff brings this cause of action pursuant to 29 USC § 1132(a)(1)(B).

23. The Plaintiff is claiming that she is entitled to any and all benefits lawfully due and owing under the Defendant's plan and withheld by the Defendant, since January 31,

2003.

24. Upon information and belief, the Defendant is claiming that it has lawfully denied the Plaintiff same.

25. The aforementioned plan was in full force and effect at the time of the Plaintiff's disability on November 6, 1998.

26. The Plaintiff is a "covered person" as defined by the plan.

27. An actual controversy exists between the Plaintiff and the Defendant as to their respective rights, responsibilities, duties and/or obligations concerning the benefits lawfully due and owing the Plaintiff under said plan.

WHEREFORE, the Plaintiff requests a Judgment declaring:

(a) the respective rights, responsibilities, duties and/or obligations of the Plaintiff and the Defendant under the terms and provisions of the aforementioned plan;

(b) that the Plaintiff is to receive the full amount of any and all benefits to which she is lawfully entitled pursuant to said plan;

(c) that the Defendant wrongfully and unlawfully denied the Plaintiff, the benefits to which the Plaintiff is lawfully entitled under said plan; and,

(d) that the Defendant's decision to terminate the Plaintiff's disability benefits was unreasonable, arbitrary and capricious.

COUNT THREE
(Injunctive Relief)

28. The Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint, contained inclusive, as if fully set forth herein.

29. The Plaintiff brings this cause of action pursuant to 29 USC § 1132(a)(1)(B).

30. The Plaintiff alleges that the Defendant, has violated, and continues to violate, ERISA, by wrongfully and unlawfully refusing to pay to the Plaintiff the benefits to

which she is lawfully entitled under the terms and provisions of the Defendant's plan, notwithstanding evidence of the Plaintiff's continued disability.

31. The Plaintiff has suffered, and will continue to suffer, a loss of her interest in any and all benefits to which she is lawfully entitled under the Defendant's plan if the Defendant is permitted to continue denying the Plaintiff her benefits.

32. The Plaintiff has no adequate remedy at law which would enable her to stop the Defendant's wrongful and unlawful denial of benefits since the Defendant's decision to terminate said benefits was unreasonable, arbitrary and capricious.

33. The Plaintiff will suffer irreparable harm if the Defendant is permitted to continue denying the Plaintiff her benefits since the Defendant's decision to terminate said benefits was unreasonable, arbitrary and capricious.

WHEREFORE, the Plaintiff demands the following relief:

(a) that the Defendant be enjoined and restrained from denying the Plaintiff the benefits to which she is lawfully entitled in the future;

(b) that the Defendant be ordered to pay to the Plaintiff, all benefits to which the Plaintiff is lawfully entitled under the Defendant's plan, which have accrued to date; and,

(c) that the Defendant be ordered to pay to the Plaintiff, all benefits to which the Plaintiff is lawfully entitled under the Defendant's plan, which shall accrue in the future.

COUNT FOUR
(Attorney's Fees)

34. The Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint, contained inclusive, as if fully set forth herein.

35. In accordance with 29 USC § 1132(g)(1), the Plaintiff is entitled to a statutory award of Attorney's Fees.

WHEREFORE, the Plaintiff demands a Judgment against the Defendant in an amount sufficient to invoke the jurisdiction of this Court, plus interest from January 31,

2003, costs, reasonable attorney's fees and any other relief which this Court deems appropriate.

VERIFICATION

I, DONNA SALVATORE, state that I am the Plaintiff in the above-captioned action and hereby acknowledge that I have read the foregoing First Amended Verified Complaint. Based upon my personal knowledge, the allegations set forth herein are true, except those allegations made upon information and belief, which allegations I believe to be true.

Donna Salvatore
DONNA SALVATORE

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 17th day of October, 2005.

Notary Public
Print Name: ____________________
My Commission expires: _________

MICHAEL S. PEZZULLO
Notary Public (40055)
State of Rhode Island
My Commission Expires 10/16/2008

Plaintiff,
by her Attorney,

Michael S. Pezzullo (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

CERTIFICATION

I hereby certify that on this 17th day of October, 2005, I have forwarded a true copy of the within by regular mail, postage prepaid to:

Anthony J. DiOrio, Esq., JACKSON LEWIS, LLP, 127 Dorrance Street, Providence RI 02903

Guy P. Tully, Esq., *pro hac vice,* and Richard W. Paterniti, Esq., *pro hac vice,* JACKSON LEWIS, LLP, 75 Park Plaza , Boston MA 02116