UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DONNA SALVATORE, Plaintiff | ) | |
| v. | ) | C.A. No. 05-352S |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, Defendant | ) | |

**ANSWER OF DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life") hereby answers the allegations contained in Plaintiff's First Amended Verified Complaint as follows:

**PARTIES AND JURISDICTION**

1. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Liberty Life denies the allegations in paragraph 2, except admits so much of this paragraph as alleges that it is an insurance company doing business in the State of Rhode Island.

3. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

4. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

**STATEMENT OF FACTS**

5. Liberty Life denies the allegations in this paragraph, except states that Plaintiff paid a premium for coverage under a long-term disability policy issued by Liberty Life to her employer, Fleet Financial Group.

6. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph alleging that the "plan" at issue is Defendant's plan.

7. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

8. Liberty Life denies the allegations in this paragraph, except states that Plaintiff's medical records and the Administrative Record of which they are a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of the documents in that record.

9. Liberty Life denies the allegations in this paragraph, except states that the documents submitted by Plaintiff in support of her claim and the Administrative Record of which they are a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

10. Liberty Life denies the allegations in paragraph 10. In further responding, Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

11. Liberty Life admits so much of this paragraph as alleges that Liberty Life paid long-term disability benefits to Plaintiff from May 8, 1999 to January 31, 2003. Liberty Life denies the remaining allegations in this paragraph.

12. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. In further responding, Liberty Life states that documents relating to the decision of the Social Security Administration and the Administrative Record of

which they are a part speak for themselves. Liberty Life respectfully refers the Court to the Administrative Record. Liberty Life denies any mischaracterization the Plaintiff makes of those documents.

13. Liberty Life denies the allegations in paragraph 13.

14. Liberty Life denies the allegations in paragraph 14, except admits so much of this paragraph as alleges that Liberty Life has not paid long-term disability benefits to Plaintiff beyond January 31, 2003.

**COUNT ONE (Recovery of Benefits)**

15. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 14 of Plaintiff's First Amended Verified Complaint.

16. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

17. Liberty Life denies the allegations in paragraph 17, except admits so much of this paragraph as alleges that it paid long-term disability benefits to Plaintiff to January 31, 2003.

18. Liberty Life denies the allegations in paragraph 18.

19. Liberty Life denies the allegations in paragraph 19.

20. Liberty Life denies the allegations in paragraph 20.

**COUNT TWO (Declaratory Relief)**

21. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 20 of Plaintiff's First Amended Verified Complaint.

22. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

23. This paragraph merely summarizes Plaintiff's claim. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

24. This paragraph merely summarizes Plaintiff's understanding of Liberty Life's legal position. To the extent that a response is required, Liberty Life admits the allegations in this paragraph.

25. Liberty Life denies the allegations in paragraph 25, except states that it issued a long-term disability policy to Fleet Financial Group, which was effective on January 1, 1998.

26. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph. In further responding, Liberty Life refers the Court to the policy and the administrative record of which it is a part which speak for themselves.

27. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

**COUNT THREE (Injunctive Relief)**

28. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 27 of Plaintiff's First Amended Verified Complaint.

29. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

30. This paragraph merely summarizes Plaintiff's claim. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

31. Liberty Life denies the allegations in paragraph 31.

32. Liberty Life denies the allegations in paragraph 32.

33. Liberty Life denies the allegations in paragraph 33.

**COUNT FOUR (ATTORNEYS' FEES)**

34. Liberty Life restates and incorporates by reference its responses to paragraphs 1 through 33 of Plaintiff's First Amended Verified Complaint.

35. Liberty Life denies the allegations in paragraph 35.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

**THIRD AFFIRMATIVE DEFENSE**

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

**FIFTH AFFIRMATIVE DEFENSE**

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has no legal right to the compensatory relief sought in the First Amended

Verified Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Verified Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a trial by jury on the claims asserted in her First Amended Verified Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks equitable relief, including injunctive relief, such relief is not permitted in this case.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or by time periods set forth in the relevant plan or policy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Liberty Life reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment entered on its behalf on all counts;

3. It be awarded its costs and attorney's fees; and

4. The Court award such other relief as may be just and proper.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON
By Its Attorneys,

Anthony J. DiOrio (RWP)

Anthony J. DiOrio (R.I. Bar No. 3419)
JACKSON LEWIS, LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

Guy P. Tully
(Admitted *Pro Hac Vice*)
Richard W. Paterniti
(Admitted *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: October 26, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Answer of Defendant Liberty Life Assurance Company of Boston to Plaintiff's First Verified Complaint has been served this 26th day of October, 2005 by mailing an exact copy of the same, via overnight mail, to:

Thomas R. Ricci, Esquire
Michael S. Pezzullo, Esquire
376 Broadway
Providence, RI 02909

Anthony J. DiOrio (AJD)

Anthony J. DiOrio
JACKSON LEWIS LLP